UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK NEIL KINNEY #253729, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:08-cv-258 |
| | ) | |
| v. | ) | HON. R. ALLAN EDGAR |
| | ) | |
| DAVID BERGH, | ) | |
| | ) | **OPINION** |
| Respondent. | ) | |
| | ) | |

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's application for habeas corpus relief is properly dismissed for lack of merit.

**Discussion**

I.   Factual allegations

Petitioner is challenging June 9, 2004, major misconduct convictions for conspiracy to possess dangerous contraband and conspiracy to possess money. Petitioner exhausted his state court remedies by appealing his convictions in the state court and pursuing his relief to the Michigan Supreme Court. Petitioner attaches copies of the misconduct record, as well as the orders issued by the state courts to his petition.

II.   Analysis

Petitioner is not entitled to habeas relief because his misconduct hearing did not violate the constitution. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Petitioner has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Petitioner was guilty of the misconduct charge was supported by the record. According to the Major Misconduct Hearing Report, which is attached to the petition, the reasons for finding Petitioner guilty were as follows:

On 5/6/04, a package addressed to Mr. Kinney was received in the ECF mailroom. The package contained a book with an invoice. The return address on the package was the address listed on the inside cover of the book. The 800 number on the invoice that accompanied the book was not that of the publishing company but was for a female chat service. It could not be determined who sent the book and it is logical to conclude that the person who sent the book did not want to be identified. The book was searched and the following items were found concealed in the binding: a fifty-dollar bill, a Peerless handcuff key and a two-inch sewing needle. Ms. Curtin interviewed Mr. Kinney on 5/6/04 in her office. Ms. Curtin stated that Mr. Kinney made the following statements to her during that interview: "If I tell you how I was going to use that stuff, what do I get out of the deal?" "You know the Governor, maybe get my sentence commuted." And "Why would I tell you why I was getting the stuff in? I am going to sit in seg(regation) for a long time." Ms. Curtin states she took notes during the interview, which provides an indicia of accuracy to the quotes attributed to Mr. Kinney. Hearing Officer finds the statement of Ms. Curtin credible. The statement is detailed, logical and found to be accurate. The comments made to Ms. Curtin indicated Mr. Kinney had a purpose for the cuff key and money and indicates intent to possess both. It is unlikely that Mr. Kinney would have made the comments had he not had a purpose for the items and been aware that the items were being sent to him. Furthermore, during the hearing, Mr. Kinney admitted that somebody is trying to help him. This further indicates his knowledge and acquiescence to having the items sent to him. This Hearing Officer would be hard pressed to find someone sent the items to Mr. Kinney without his knowledge; that claim is illogical, unlikely and found to be contrived. Policy Directive 03.03.105 defines dangerous contraband and includes escape material. A Peerless handcuff key is found to be escape material. The statements Mr. Kinney made to Ms. Curtin and at the hearing are relied on to find Mr. Kinney intended to possess the handcuff key and the money and agreed with an unknown person to send him the items. Hearing Officer finds Mr. Kinney guilty of Conspiracay to Possession of Dangerous Contraband and Conspiracy to Possession of Money.

As noted above, Petitioner appealed the misconduct convictions to the state courts.

Petitioner attaches a copy of the January 6, 2006, opinion and order denying Petitioner's "petition for judicial review" to his application for habeas corpus relief. *See Kinney v. MDOC*, Ingham

County Circuit Court Docket No. 05-00102-AA. According to the opinion authored by the Honorable Paula J. M. Manderfield, Petitioner failed to support his claim that the Hearing Officer violated his due process rights in finding him guilty of the misconducts:

> The Hearing Officer not only considered what was provided by both Petitioner and Respondent, but also submitted additional questions to reporting staff regarding the gloves in an effort to be more thorough in her conclusions. Having reviewed the answers to these questions, along with the Major Misconduct Report authored by Curtin, the Petitioner's statement, the invoice for winter gloves, the Hearing Investigation report, and the three Polaroid photographs of the package addressed to Petitioner (received on May 6, 2004), and having listened to Petitioner's testimony at the June 9, 2004 hearing, the Hearing Officer issued a decision of guilt on both charges. Again, the Hearing Officer was within her discretion to determine the credibility and relevance of evidence. The Court finds that her final decision was based exclusively on the evidence and on matters officially noticed, and that he final decision was made on the basis of a preponderance of the evidence presented, thereby DENYING Petitioner's Motion to Affirm, and GRANTING Respondent's Motion to Affirm.

See *Kinney v. MDOC*, Ingham County Circuit Court Docket No. 05-00102-AA, pp. 7-8.

As noted by Petitioner, his subsequent appeals to the Michigan Court of Appeals and the Michigan Supreme Court were denied. It is clear that Petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts"

to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has failed to show that his constitutional rights were denied.

## Conclusion

In light of the foregoing, the court concludes that Petitioner's application should be summarily dismissed pursuant to Rule 4 because he has failed to show that the misconduct convictions violated his constitutional rights.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. As noted above, the record shows that Petitioner received due process of law. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:      10/30/08                             */s/ R. Allan Edgar*
                                                 R. ALLAN EDGAR
                                                 UNITED STATES DISTRICT JUDGE